UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES ZINNERMAN,<br>Plaintiff,<br>v.<br>NATIONSTAR MORTGAGE LLC,<br>Defendant. | Case No. 19-cv-00556-RS<br><br>**ORDER GRANTING MOTION TO DISMISS** |

This action arises from a non-judicial foreclosure initiated by defendant Nationstar Mortgage LLC ("Nationstar") with respect to the property located at 6123 Bromley Avenue, Oakland, California. Pro se plaintiff Charles Zinnerman ("Zinnerman"), who currently resides at the property, seeks to prevent Nationstar from foreclosing on the home. The original complaint was dismissed with leave to amend on March 19, 2019. First, the original complaint failed to explain what interest, if any, Zinnerman had in the subject property and associate mortgage loan. That complaint also failed plausibly to allege any wrongdoing on Nationstar's part. Finally, the March 2019 order observed that, as the signatories to the subject mortgage, Lillie and Alexander Zinnerman appeared to be indispensable parties under Rule 19.

On April 23, 2019, Zinnerman filed an Amended Complaint explaining that his parents, Lillie and Alexander, are deceased and claiming to be their heir. The Amended Complaint goes on to set forth three purported claims for relief. First, Count I requests a temporary restraining order ("TRO") and preliminary injunction barring Nationstar from foreclosing on the subject property. A request for a TRO and preliminary injunction is not, however, a claim for relief. Accordingly,

Count I is dismissed with prejudice.

Count II of the Amended Complaint requests that the mortgage note be "set aside or vacate[d]." Amend. Compl. 3. In support of this request, Zinnerman alleges that he (1) made payments to Nationstar under a promissory note which he "may have signed," (2) requested, but never received, copies of the promissory note showing he was a signatory,[1] and (3) requested, but never received, documentation that Nationstar owns the subject mortgage. *Id.* at 3-4. Finally, Zinnerman asserts that Nationstar "is not the owner or holder of any purported note to which the plaintiff may or may not be bound to make payments." *Id.* at 4.

As a preliminary matter, the judicially noticed Deed of Trust and mortgage note show Zinnerman was *not* a signatory to the subject mortgage agreement. This fact has no bearing, however, on Nationstar's right to foreclose on the subject property because it is undisputed that Zinnerman's parents were the owners of the property when they entered into the mortgage agreement. Of the allegations set forth in Count II, the only one which could support a claim for relief is Zinnerman's assertion that Nationstar is not the owner of the subject mortgage. The sole basis for this conclusion appears to be that Nationstar did not provide Zinnerman with the documentation he requested regarding the mortgage. Nationstar has, however, produced a publicly recorded Corporate Assignment of Deed of Trust which transferred all interest in the Deed of Trust to Nationstar on December 15, 2016.[2] Later that same month, a Substitution of Trustee was publicly recorded naming Nationstar as the new trustee of the Deed of Trust.[3]

In light of these judicially noticeable documents, Zinnerman's conclusory assertion that Nationstar is not the owner of the mortgage agreement is implausible. Accordingly, Count II must

---

[1] Nationstar has produced a copy of the publicly recorded Deed of Trust and associated note. Judicial notice is granted with respect to these documents. RJN, Ex. 1.

[2] Nationstar's unopposed request for judicial notice of the publicly recorded Corporate Assignment of Deed of Trust is granted. RJN, Ex. 3.

[3] Nationstar's unopposed request for judicial notice of the publicly recorded Substitution of Trustee is granted. RJN, Ex. 4.

be dismissed. Given Zinnerman's inability to state, or even come close to stating, a claim with respect to the Deed of Trust and mortgage note in either of his complaints, granting leave to amend would be futile. Indeed, Zinnerman admitted in an Amended Reply to his original complaint, filed on March 12, 2019, that he "does not possess facts sufficient upon which to state a claim for relief." Accordingly, Count II is dismissed with prejudice.

Zinnerman's third and final claim for relief arises from an alleged loan *from* Zinnerman *to* Nationstar.[4] The Amended Complaint specifically alleges Zinnerman lent Nationstar $206,426 in 2012 but failed to disclose certain facts about this loan in violation of the Truth in Lending Act ("TILA"). Zinnerman further contends Nationstar should be forced to repay this loan with interest, presumably under a breach of contract theory. Zinnerman's theory for relief under TILA borders on incoherent and falls well short of stating a claim for relief. Ultimately, he appears to be grasping at straws when it comes to TILA, as evidenced by the fact that he completely changed his theory for relief under this statute from his initial complaint to Amended Complaint. Given his failure to come up with any plausible basis for a TILA claim, granting leave to amend would almost certainly prove futile. Accordingly, the TILA claim is dismissed with prejudice.

Zinnerman's assertion that Nationstar owes him over $200,000, however, has at least the potential to develop into a claim for breach of contract. To state a claim for breach of contract, a plaintiff must allege, the "(1) existence of the contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the breach." *CDF Firefighters v. Maldonado*, 158 Cal. App. 4th 1226, 1239 (Cal. Ct. App. 2008). Although Zinnerman alleges the existence of a contract, he does not do so plausibly. Indeed, this allegation raises more questions than it answers. For example: Why would a major home lender *borrow* hundreds of thousands of dollars from Zinnerman? How did this transaction come about? What were the terms of this agreement? Is there a written contract? Without more information about this alleged loan, Zinnerman cannot plausibly allege the existence of this rather unusual contract, much

---

[4] Zinnerman made no mention of this loan in his original complaint.

less that Nationstar breached that contract.

In conclusion, the Amended Complaint is dismissed in its entirety. Zinnerman is granted leave to amend to allege breach of contract based on his purported loan to Nationstar, but only if he has a good faith basis for his allegations. Should Zinnerman choose to file an amended complaint, he must do so no later than August 30, 2019. All other claims and theories for relief are dismissed with prejudice.[5]

**IT IS SO ORDERED**.

Dated: July 29, 2019

RICHARD SEEBORG
United States District Judge

---

[5] On July 15, 2019, Zinnerman filed a "Motion for Leave to File Amended Reply." Despite its title, this motion is best construed as a request for discovery. In light of the dismissal of the Amended Complaint, this request is denied.